1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

16

17

18

19

20

21

In re

PRO AIR, INC.,

      Debtor.

_____

WEMBLEY, LTD. and INTERNATIONAL
TECHNOLOGY INVESTMENT GROUP,
LTD.,

      Plaintiffs,

    v.

ROBERT STEINBERG, as Trustee for the
Bankruptcy Estate of PRO AIR, INC., and
SHIRE EQUIPMENT LEASING CORP.,

      Defendants.

Case No.  C03-3187L

ORDER REGARDING MOTION TO
ENFORCE JUDGMENT AND MOTION
TO STAY PENDING APPEAL

Bankr. App. No. 03-042
Bankr. Case No. 00-09271
Adv. No. 02-1571

22

## I.  INTRODUCTION

23

24

25

26

27

      This matter was heard by the Court in a bench trial commencing on November 29, 2004.

On December 16, 2004, the Court issued its Memorandum of Decision, holding that "plaintiffs

are entitled to a declaratory judgment that they are the owners of the Gundle shares, which is

now the merger consideration.  Defendants have no right, title, or interest in the Gundle shares

28

ORDER REGARDING MOTION TO ENFORCE JUDGMENT
AND MOTION TO STAY PENDING APPEAL- 1

1   or the merger consideration.  All of defendants' counterclaims are dismissed with prejudice."

2      After the Court entered judgment, defendants promptly appealed.  Plaintiffs filed a

3   motion to enforce the judgment (Dkt. #148), then defendants filed a motion for a stay pending

4   appeal (Dkt. #155).  The Court now considers both motions.

5                                **II.  DISCUSSION**

6   **A.   Background Facts.**

7      The background facts in this case have been recited several times in prior orders and will

8   not be repeated here.  The Court will address briefly the events that have transpired since the

9   entry of judgment.

10     Judgment was entered on December 16, 2004.  On December 22, 2004, plaintiffs'

11  counsel sent a letter to Mellon Investor Services LLC ("Mellon"), the holder of the merger

12  consideration, enclosing a copy of the Court's Memorandum of Decision and Judgment and

13  advising Mellon that they would make a formal request for the merger consideration on a later

14  date.  Declaration of Christopher Alston (Dkt. #149) ("Alston Decl."), Ex. A.  Plaintiffs did not

15  ask Mellon to transfer the merger consideration to them at that time because of the ten-day

16  automatic stay of enforcement set forth in Federal Rule of Civil Procedure 62(a).

17     On December 23, 2004, defendants filed their Notice of Appeal.  On the same day,

18  defense counsel sent to Mellon a copy of their appeal papers with a letter stating that defendants

19  "expect to ultimately prevail before the Ninth Circuit," and noting that Shire "remains in

20  possession of the original Gundle Share Certificate."  Alston Decl., Ex. B.  The letter further

21  stated, "Consistent with the prior representations and commitments of your firm and Gundle,

22  you should refrain from disbursing any merger consideration associated with the Gundle Share

23  Certificate in advance of a final resolution of the referenced action and appeal."  Id.

24     Plaintiffs request that the Court order that defendants shall not suggest to any party,

25  including Mellon, that they have any rights to the Gundle Shares, and order Shire to deliver to

26  Wembley the Gundle stock certificate.  Defendants request that the Court stay execution of the

27

28  ORDER REGARDING MOTION TO ENFORCE JUDGMENT
    AND MOTION TO STAY PENDING APPEAL- 2

1  judgment pending the outcome of their appeal.

2  **B.     Stay Pending Appeal.**

3        Federal Rule of Civil Procedure 62 allows a party to move to stay execution of a

4  judgment while a case is on appeal by posting a supersedeas bond.  The standard for granting a

5  stay pending appeal is effectively the same as that for issuing a preliminary injunction.  See, e.g.,

6  Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983).  The Court weighs the parties'

7  likelihood of success on the merits, the possibility of irreparable harm, the relative hardship of

8  the parties, and the public interest.  See Nautilus Group, Inc. v. Icon Health & Fitness, Inc., 308

9  F. Supp. 2d 1208, 1216 (W.D. Wash. 2003).  Plaintiffs argue that defendants must show all four

10  elements in order to obtain a stay.  However, although the Court weighs all four elements, the

11  test is actually a continuum.  On one end, the moving party must show both probability of

12  success on the merits and the possibility of irreparable harm.  One the other end, the moving

13  party must demonstrate that serious legal questions are raised and that the balance of hardships

14  tips in its favor.  See Lopez, 713 F.2d at 1435.

15        **1.     Probability of Success or Serious Questions Regarding Merits.**

16        The Court first considers whether defendants have shown a probability of success on the

17  merits.  Defendants argue that they have made the requisite showing based on two claims: 1) the

18  Court improperly required defendants to elect their remedies prior to trial, and 2) the Court

19  improperly rejected defendants' two arguments based on the Bankruptcy Code.  For the same

20  reasons that the Court previously rejected these arguments, the Court concludes that defendants

21  have not shown a probability of success on the merits regarding either issue.

22        Next, the Court considers whether defendants have demonstrated the existence of serious

23  legal questions.  Plaintiffs argue, "A serious legal question is one upon which a court has not

24  previously ruled, or one that is not commonplace or ordinary."  Plaintiffs' Opposition at 9 (citing

25  Mount Graham Coalition v. Thomas, 89 F.3d 554 (9th Cir. 1996)).  The Mount Graham case,

26  however, does not define "serious legal question," and plaintiffs have not supported their

27

28  ORDER REGARDING MOTION TO ENFORCE JUDGMENT
AND MOTION TO STAY PENDING APPEAL- 3

definition of the term.  Instead, courts have considered whether there are "serious questions

going to the merits."  See GoTo.com, Inc. v. Walt Disney Co., 202 F.3d 1199, 1205 (9th Cir.

2000).  The Court is therefore in the somewhat awkward position of determining whether there

are serious questions going to the merits of issues it has previously decided.  The Court believes

that it correctly resolved all issues presented and the weight of authority supported its findings.

However, there was some authority supporting defendants' position regarding the issue of the

election of remedies, and the appellate court will review the legal issues *de novo*.  The Court

therefore finds that there are serious questions regarding the merits of defendants' claim

regarding their election of remedies.

### 2. Balancing of Hardships.

The Court also considers whether the balance of hardships tips sharply in defendants'

favor.[1]  Defendants note that plaintiffs ITIG and Wembley are offshore companies substantially

controlled by a Saudi Arabian businessman.  The testimony at trial established that neither

plaintiff has any assets other than the merger consideration.  Defendants fear that absent a stay,

plaintiffs will remove the merger consideration from the United States, taking it outside the

jurisdiction of this Court and rendering defendants' appeal moot.  In light of these facts,

defendants have shown the possibility of irreparable harm.  Absent a stay, defendants could be

left without any meaningful way to recover the merger consideration.

The Court also considers the potential harm of a stay to plaintiffs.  Plaintiffs argue that

they would suffer prejudice if a stay were granted because Mellon could become insolvent, and

because plaintiffs would lose the investment potential of the money.  Plaintiffs' Opposition at 9-

10.  Plaintiffs do not allege that they will suffer any additional financial or other hardship from a

stay.  Both of plaintiffs' concerns can be eliminated by adopting the remedy defendants request

and placing the merger consideration in an escrow account.  Accordingly, the Court finds that

[1] The public's interest does not weigh in favor of either party.

ORDER REGARDING MOTION TO ENFORCE JUDGMENT
AND MOTION TO STAY PENDING APPEAL- 4

1  the balance of hardships tips sharply in defendants' favor.

2       **3.     Supersedeas Bond or Alternate Guarantee.**

3       Having found that a stay is appropriate, the Court also considers whether defendants must

4  be required to post a supersedeas bond pursuant to Federal Rule of Civil Procedure 62.  A party

5  is typically required to post a bond to obtain a stay pending appeal to protect the other party

6  from the risk of an uncollectible judgment and to compensate the party for the delay in entry of a

7  final judgment.  See, e.g., NLRB v. Westphal, 859 F.2d 818, 819 (9th Cir. 1988).  The Court,

8  however, has discretion to award other forms of judgment guarantee.  See, e.g., International

9  Telemeter Corp. v. Hamlin Int'l Corp., 754 F.2d 1492, 1495 (9th Cir. 1985).[2]  An interest-

10  bearing escrow account is one type of alternate guarantee.  See, e.g., Foster v. Hallco Mfg. Co.,

11  Inc., 835 F. Supp. 1235, 1236 (D. Or. 1993) (explaining that the escrow account the parties

12  agreed to "amounts to a judgment guarantee").  In this case, defendants' proposal to place the

13  merger consideration in an escrow account of plaintiffs' choosing would adequately guarantee

14  the judgment.

15       Granting defendants' request for a bond alternative should not result in the imposition of

16  additional costs to plaintiffs.  To avoid that result, defendants must pay plaintiffs' reasonable

17  fees and costs incurred in negotiating and securing the escrow account.  Defendants shall not be

18  required to pay plaintiffs' attorney's fees for the appeal because plaintiffs have not shown that

19  they are entitled to recover their fees on appeal.  The Court finds that the interest accruing on the

20  escrow account should be sufficient to cover any postjudgment interest defendants might

21  ultimately owe.

22       Plaintiffs argue that defendants should be required to place in the escrow account the

23  

24       [2] See also Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc., 600

25  F.2d 1189, 1191 (5th Cir. 1979) (explaining that courts may order alternate security if judgment

26  debtor demonstrates "a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency

27  during the period of an appeal").

28  ORDER REGARDING MOTION TO ENFORCE JUDGMENT
AND MOTION TO STAY PENDING APPEAL- 5

merger consideration plus an additional $20.3 million.  The Court finds that placing twice the amount of the merger consideration into the account is excessive, and the Court's order will adequately protect plaintiffs.

Finally, because the Court has found that a stay is appropriate, it will not exercise its discretion to grant plaintiffs' request for an order enforcing the judgment.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS defendants' motion for a stay pending appeal (Dkt. #155) and DENIES plaintiffs' motion to enforce the judgment (Dkt. #148). The Court conditionally grants defendants' request to create an escrow account as an alternate security.  The parties shall work cooperatively to place the merger consideration in an escrow account of plaintiffs' choosing in the United States.  To facilitate the creation of that account, defendants shall surrender the Gundle Share Certificate to Mellon.  The terms of the agreement for the escrow account must include a provision stating that defendants will guarantee the funds against any loss, and defendants agree to pay plaintiffs' reasonable costs and fees incurred in negotiating and securing the escrow account.  Provided that defendants submit to the Court proof, within sixty days of the date of this order, that these conditions have been met, creation of the account will stay execution of the judgment.

DATED this 20th day of April, 2005.

_Mht S Lasnik_
Robert S. Lasnik
United States District Judge

ORDER REGARDING MOTION TO ENFORCE JUDGMENT
AND MOTION TO STAY PENDING APPEAL- 6