UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re

PRO AIR, INC.,

    Debtor.

_____

WEMBLEY, LTD. and INTERNATIONAL TECHNOLOGY INVESTMENT GROUP, LTD.,

    Plaintiffs,

    v.

ROBERT STEINBERG, as Trustee for the Bankruptcy Estate of PRO AIR, INC., and SHIRE EQUIPMENT LEASING CORP.,

    Defendants.

Case No. C03-3187L

ORDER CLARIFYING PRIOR ORDER STAYING ACTION PENDING APPEAL

Bankr. App. No. 03-042
Bankr. Case No. 00-09271
Adv. No. 02-1571

    On April 20, 2005, the Court issued an order granting defendants' motion for a stay pending appeal and denying plaintiffs' motion to enforce the judgment. (Dkt. #165, the "Order"). The Court explained that instead of posting a bond, the parties could create an escrow account to hold the merger consideration until the appeal is resolved.

    The parties informed the Court during a conference call on May 23, 2005 that they have

ORDER CLARIFYING PRIOR ORDER- 1

tentatively agreed to place the merger consideration in an interest bearing account with Citibank and Shire will sign a guarantee.  The parties sought clarification regarding the following provision in the Order, "The terms of the agreement for the escrow account must include a provision stating that defendants will guarantee the funds against any loss . . . ."  The parties seek clarification regarding whether the trustee of the bankruptcy estate should also be required to sign the guarantee, and whether defendants should be required to post an additional bond to protect plaintiffs from any loss they might incur if Citibank becomes insolvent.

Under the circumstances, the Court will not require defendants to post an additional bond to guarantee against any eventuality.  Since plaintiffs control the choice of the escrow account, they can choose a low risk investment with a lower interest rate, such as U.S. Treasury bonds, or they can choose a higher interest option with Citibank and decide that it is unlikely that one of the country's largest financial institutions will become insolvent.  Therefore, under the circumstances, the Court will not require the trustee to sign the guarantee, and will not require defendants to provide any additional security.

DATED this 24th day of May, 2005.

_____
Robert S. Lasnik
United States District Judge

ORDER CLARIFYING PRIOR ORDER- 2