UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re<br><br>PRO AIR, INC.,<br><br>    Debtor.<br>_____<br><br>WEMBLEY, LTD. and INTERNATIONAL TECHNOLOGY INVESTMENT GROUP, LTD.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ROBERT STEINBERG, as Trustee for the Bankruptcy Estate of PRO AIR, INC., and SHIRE EQUIPMENT LEASING CORP.,<br><br>    Defendants. | Case No. C03-3187RSL<br><br>ORDER GRANTING MOTION TO ENFORCE JUDGMENT<br><br>Bankr. App. No. 03-042<br>Bankr. Case No. 00-09271<br>Adv. No. 02-1571 |

## I. INTRODUCTION

This matter comes before the Court on the motion of plaintiffs Wembley, Ltd. and International Technology Investment Group, Ltd. (collectively, "plaintiffs") to enforce the judgment previously entered by this Court and for further relief. Specifically, plaintiffs ask the Court to (1) require defendants to deliver to plaintiffs a certificate representing 1.1 million

ORDER GRANTING MOTION
TO ENFORCE JUDGMENT - 1

shares of stock of Gundle/SLT Environmental, Inc. (the "Gundle Shares"), (2) award plaintiffs their attorney's fees and costs incurred in bringing this motion, and (3) award plaintiffs interest on the merger consideration from the date of the judgment until the date that the defendants surrender the share certificate.

## II. DISCUSSION

The background facts in this case have been recited in prior orders and will not be repeated here. The Court will address briefly the events that have transpired since the entry of judgment.

This matter was heard by the Court in a bench trial commencing on November 29, 2004. On December 16, 2004, the Court issued its Memorandum of Decision, holding that "plaintiffs are entitled to a declaratory judgment that they are the owners of the Gundle shares, which is now the merger consideration. Defendants have no right, title, or interest in the Gundle shares or the merger consideration. All of defendants' counterclaims are dismissed with prejudice." Judgment, reiterating the Court's conclusion, was entered on December 16, 2004.

On December 23, 2004, defendants filed their Notice of Appeal. Plaintiffs moved to enforce the judgment and moved the Court to require defendants to turn over the stock certificate. Defendants filed a motion for a stay pending appeal. The Court granted the stay and denied plaintiffs' motion to enforce the judgment.

On March 1, 2007, the Ninth Circuit Court of Appeals affirmed the judgment entered by this Court. On March 26, 2007, plaintiffs demanded return of the Gundle share certificate by 5:00 p.m. on March 28. Defendants refused. On April 18, 2007, over two weeks after plaintiffs filed this motion, defendants filed a motion with the Ninth Circuit to recall and/or stay its mandate pending their filing of a petition for certiorari with the Supreme Court. The Ninth Circuit denied the motion on April 26, 2007.

Plaintiffs seek relief pursuant to Federal Rule of Civil Procedure 70 and the Declaratory Judgment Act, 28 U.S.C. § 2202. It is unclear whether Rule 70 permits the Court to order

defendants to turn over the share certificate because the Court's judgment did not specifically require it to do so.  Regardless, the Court has the power to enforce its prior judgment and order defendants to turn over the stock certificate under both its inherent powers and the Declaratory Judgment Act.  See, e.g., Rincon Bd. of Mission Indians v. Harris, 618 F.2d 569, 575 (9th Cir. 1980) ("If further relief becomes necessary at a later point, however, both the inherent power of the court to give effect to its own judgment, Terry v. Adams, 345 U.S. 461 (1953), and the Declaratory Judgment Act, 28 U.S.C. §2202 (1948), would employer the district court to grant supplement relief, including injunctive relief") (citing, among other authority, Powell v. McCormack, 395 U.S. 486 (1969)).  Defendants concede that the Court has the authority to grant the relief requested.

Defendants also concede that plaintiffs are entitled to the stock certificate pursuant to this Court's prior rulings and the Ninth Circuit's mandate.  However, they argue that the Court should deny the motion as premature for two reasons.  First, defendants state that they plan to file a petition for a writ of certiorari with the Supreme Court.  Even if they do file that petition, it would not justify any further delay.  Second, they note that they have filed a petition with the Ninth Circuit to recall and stay the mandate.  However, after the parties filed their memoranda with this Court, the Ninth Circuit denied defendants' motion.  Accordingly, there is no cause for further delay.  Defendants must deliver the stock certificate to plaintiffs or their counsel within twenty-four hours after receiving this order.

Plaintiffs have also requested an award of post-judgment interest of over $1.2 million,[1] representing interest since the date of the judgment in December 2004 at a rate of 2.6%. Defendants do not dispute plaintiffs' entitlement to post-judgment interest or the rate.  Instead, they argue that plaintiffs waived their right to post-judgment interest by failing to require defendants to place the merger consideration in an escrow account pending the outcome of the

---

[1] Plaintiffs seek post-judgment interest of $1,240,849 through April 20, 2007, plus $1,449.59 for each day thereafter until the Gundle Share Certificate is delivered to them.

ORDER GRANTING MOTION
TO ENFORCE JUDGMENT - 3

appeal. The Court ordered defendants to do so in its order granting defendants' motion for a stay. The purpose of the escrow account was to provide security, in lieu of a bond, pending the outcome of the appeal. Although the parties agreed to the escrow agent, Citibank, plaintiffs refused to sign the indemnity provision Citibank proposed. Thereafter, plaintiffs never sought another escrow agent, more favorable terms, or further relief from the Court. However, defendants have not shown that plaintiffs waived their statutory right to post-judgment interest, or that right is waivable under these circumstances. See 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court"). Instead, plaintiffs merely waived their right to obtain security on the judgment. Furthermore, because defendants did not provide the Court ordered security, arguably they should have turned over the stock certificate long ago, yet they did not. Had they done so, they could have stopped the accrual of plaintiffs' entitlement to post-judgment interest. Therefore, plaintiffs are entitled to an award of post-judgment interest at the rate of 2.6% from the date of judgment. The post-judgment interest shall accrue until defendants turn over the merger consideration to plaintiffs.

Plaintiffs have requested an award of their attorney's fees and costs in bringing this motion. The Court denies the request because defendants' filing of their motion to recall or stay the mandate justified their brief delay in turning over the stock certificate.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS plaintiffs' motion to enforce the judgment (Dkt. #170).

DATED this 2nd day of May, 2007.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION
TO ENFORCE JUDGMENT - 4