UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re<br><br>PRO AIR, INC.,<br><br>      Debtor.<br>_____<br><br>WEMBLEY, LTD. and INTERNATIONAL TECHNOLOGY INVESTMENT GROUP, LTD.,<br><br>      Plaintiffs,<br><br>   v.<br><br>ROBERT STEINBERG, as Trustee for the Bankruptcy Estate of PRO AIR, INC., and SHIRE EQUIPMENT LEASING CORP.,<br><br>      Defendants. | Case No. C03-3187RSL<br><br>ORDER GRANTING MOTION FOR SEPARATE JUDGMENT<br><br>Bankr. App. No. 03-042<br>Bankr. Case No. 00-09271<br>Adv. No. 02-1571 |

    This matter comes before the Court on the motion of plaintiffs Wembley, Ltd. and International Technology Investment Group, Ltd. (collectively, "plaintiffs") for a separate judgment pursuant to Federal Rule of Civil Procedure 58(d). On December 16, 2004, the Court entered a judgment following trial declaring plaintiffs the owners of the merger consideration. The Court subsequently entered an order to enforce the judgment and awarded plaintiffs interest

ORDER GRANTING MOTION
FOR SEPARATE JUDGMENT - 1

on the merger consideration. Plaintiffs now request a separate judgment against Robert Steinberg as trustee of the bankruptcy estate of Pro Air, Inc. (the "Trustee") and Shire Equipment Leasing Corp. ("Shire"), jointly and severally, in the amount of $1,259,693.67, plus post-judgment interest which accrues on that amount at the federal judgment interest rate, until the amount is paid. Shire has not responded to the motion.

The Court finds that pursuant to Rule 58(d), plaintiffs are entitled to a separate judgment on the Court's prior order granting them post-judgment interest. Plaintiffs have not cited any authority allowing them to recover post-judgment interest on an award of post-judgment interest. However, the Ninth Circuit has allowed post-judgment interest on an award of pre-judgment interest, and the rationale for allowing the interest sought here is similar. See, e.g., Air Separation, Inc. v. Underwriters at Lloyd's of London, 45 F.3d 288 (9th Cir. 1995). Plaintiffs are deprived of the use of the money while defendants delay payment.

The Trustee opposes the motion, requesting that if a separate judgment is entered, the Court enter it only against Shire. The Trustee argues that he is not a real party in interest because the estate settled its dispute with Shire and assigned to Shire all of its rights and claims to the merger consideration. Its only right in this litigation was to a payment from Shire in the event that Shire collected from plaintiffs. Plaintiffs, however, were not parties to that agreement. They never released their claims against the Trustee. The Trustee never obtained a dismissal and remained a defendant in this case. The Trustee also argues that it "had no control over Shire's litigation strategy or actions" including the appeal. Trustee's Opposition at p. 3. The appeal filings, however, purport to be filed on behalf of both defendants and the Trustee never disavowed the appeal.

For all of the foregoing reasons, the Court GRANTS plaintiffs' motion for a separate

ORDER GRANTING MOTION
FOR SEPARATE JUDGMENT - 2

judgment (Dkt. #180) and will enter a separate judgment consistent with this order.

DATED this 11th day of June, 2007.

*signature*

Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION
FOR SEPARATE JUDGMENT - 3